UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

AHCOM LTD.,

               Plaintiff,             09 Civ. 8276

   -against-                             ORDER

BOND COMMODITIES LTD.,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiffs

        LENNON, MURPHY & LENNON, LLC
        The GrayBar Building
        420 Lexington Avenue, Suite 300
        New York, NY 10170
        By: Darin L. Callahan, Esq.

        Attorneys for Defendant

        CLYDE & CO US LLP
        The Chrysler Building
        405 Lexington Avenue
        New York, NY 10174
        By:  Christopher Carlsen, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/10

**Sweet, D.J.**

Defendant Bond Commodities Ltd. ("Bond" or "Defendant") has moved to vacate the September 30, 2009 maritime attachment issued pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure in light of the Second Circuit Court of Appeal's decisions in The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009) and Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (S.D.N.Y. 2009).

Plaintiff Ahcom Ltd. ("Ahcom" or "Plaintiff") offers four arguments in opposition to Defendant's motion to vacate: (1) New York law does not require vacatur of the Rule B attachment; (2) funds originally restrained as Electronic Funds Transfers ("EFTs") are no longer EFTs once deposited in a suspense account; (3) Jaldhi should not be reapplied retroactively; and (4) equity requires that the attachment be maintained.

Plaintiff first argues that the Court is bound by the pronouncements of New York courts with respect to state law, and the Appellate Division's holding in Palestine Monetary Authority v. Strachman, 62 A.D.3d 213 (N.Y. App.

1

Div. 2009) ("PMA") requires that the attachment be upheld. However, the Court is bound by Second Circuit precedent, even on issues of state law. See Euro Trust Trading S.A. v. Uralsib Ins. Group, No. 09 Civ. 4712 (RJH), 2009 WL 5103217, at *1 (S.D.N.Y. Dec. 23, 2009); Cowen & Co. v. Tecnoconsult Holdings Ltd., No. 96 Civ. 3748 (BSJ), 1996 WL 391884, at *4 (S.D.N.Y. July 11, 1996). Further, Plaintiff's citation to PMA is unavailing. PMA's holding with respect to the immunity enjoyed by intermediary banks who choose to honor creditor processes does not bear on the question of whether New York law permits attachments by intermediary banks. See PMA, 62 A.D.3d at 227-28. In fact, PMA itself held that only the banks involved in an EFT transaction possess a property interest in an EFT. Id. at 228-30; see also Deval Denizcilik Ve Ticaret A.S. v. Schenker Italiana, No. 09 Civ. 0367 (DC), 2009 WL 5179015, at *3 (S.D.N.Y. Dec. 23, 2009).

Plaintiff also argues that following the restraint of the EFTs, the funds were transferred to a suspense account, where they ceased to be EFTs and instead became attachable bank credits in which Defendant had a beneficial, contingent, or reversionary property interest. However, as the Honorable P. Kevin Castel has held:

2

> Attachment is an equitable remedy. The so-called "funds" attached were an EFT at the moment of attachment. It would be inequitable to permit plaintiff to continue to restrain funds that originated with an attachment of an EFT.

Amarante Shipping Pte Ltd. v. Kothari Prods. Ltd., No. 09 Civ. 7842 (PKC) (S.D.N.Y. Oct. 21, 2009) (unreported). The Honorable John G. Koetl has likewise observed:

> [T]he fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi. No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.

Gloria E.N.E. v. Korea Line Corp., No. 08 Civ. 2490 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). See also Panamax Bulk AS v. Dampskibsselskabet Norden AS, No. 08 Civ. 8601 (JSR), 2009 WL 3853422, *1 (S.D.N.Y. Nov. 18, 2009); Ermis Mgmt. Co. Ltd. V. United California Disc. Corp., No. 09 Civ. 7452 (LAK) (S.D.N.Y. Nov. 18, 2009); Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC, No. 09 Civ. 7164 (LTS) (S.D.N.Y. Nov. 16, 2009) (unreported) ("Because the original attachment was improper, the deposit of the

3

funds into a segregated account, absent the consent of the defendant, did not cure the problem addressed in Shipping Corp. of India. The legal character of the funds did not change when they were deposited."); Setaf-Segat v. Cameroon Shipping Lines S.A., No. 09 Civ. 6714 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). Similarly, Plaintiff's argument that the Defendant, as an originator of the EFT, retained an attachable interest in the funds pursuant to the "money back guarantee" contained in N.Y. U.C.C. § 4-A-402 has been previously rejected by courts in this district. See, e.g., Nova Maritime B.V.I. Ltd. v. Transvast Shipping Co. Ltd., No. 08 Civ. 6869 (SAS), 2009 WL 4884162 (S.D.N.Y. Dec. 16, 2009).

Finally, Plaintiff argues that Jaldhi need not be applied retroactively to the Rule B attachment in question, either as a matter of law or because the equitable considerations associated with Plaintiff's reliance on Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002), mandate maintaining the attachment. However, the Second Circuit has clearly stated that Jaldhi is to have retroactive effect, and the Court is not at liberty to depart from that holding. See Hawknet, 590 F.3d at 91 ("[T]he rule announced in [Jaldhi] has retroactive effect

4

to all cases open on direct review . . . ."); Calais Shipholding Co. v. Bronwen Energy Trading Ltd., No. 07 Civ. 10609 (PKL), 2009 WL 4277246, at *4 (S.D.N.Y. Nov. 24, 2009) ("This Court is bound by the Second Circuit's determination that EFTs are not attachable property under Rule B and that this change in the law applies retroactively."). Plaintiff has also failed to establish that its reliance on its Rule B attachment entitles it to the equitable relief that it seeks.

For the foregoing reasons, the order of attachment is hereby vacated, the attached funds are ordered to be released immediately, and the action is dismissed without prejudice.

It is so ordered.

New York, NY
February 5, 2010

ROBERT W. SWEET
U.S.D.J.